**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

Attorneys for Plaintiff
Art of Living Foundation



FILED
MAY 29 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART OF LIVING FOUNDATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ENG-AN CHOU, an individual,<br><br>Defendant. | Case No. **CV 12 2748** PSG<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |



Case No.                                                                                         **COMPLAINT**

Plaintiff Art of Living Foundation ("Plaintiff"), through its attorneys, alleges as follows:

## INTRODUCTION

1. Plaintiff is a non-denominational, non-profit educational and humanitarian organization dedicated to the principles and teachings of Sri Sri Ravi Shankar.

2. Plaintiff offers courses that employ breathing techniques, meditation, and low-impact yoga to achieve stress relief and general wellness. Plaintiff's educational programs focus on Sudarshan Kriya and its accompanying practices.

3. Plaintiff's processes for teaching its breathing techniques are contained in several texts, which Plaintiff considers to be highly confidential.

4. Defendant Eng-An Chou is a disgruntled former teacher of Plaintiff.

5. Before Chou left Plaintiff's organization, Chou and Plaintiff entered into multiple written and oral contracts whereby Chou agreed to keep Plaintiff's texts confidential and only to use Plaintiff's texts to teach Plaintiff's courses.

6. On information and belief, in breach of these contracts, Chou disclosed Plaintiff's most valuable text to a third party.

7. As a result of Chou's breach, Plaintiff was harmed.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and it is between a citizen of California and a citizen of a foreign state, where, on information and belief, the latter is not lawfully admitted for permanent residence in the U.S. nor domiciled in California. The matter in controversy exceeds $75,000 because as a result of Chou's breaches, Plaintiff lost course revenue in excess of $75,000.

9. This Court has personal jurisdiction over Chou because Chou contracted with Plaintiff, a California non-profit corporation, knowing that Plaintiff was based in California. On information and belief, Chou entered into one of her contracts with Plaintiff

1 and took at least one of Plaintiff's courses in California. Moreover, Chou breached her
2 contracts with Plaintiff knowing that her actions would harm Plaintiff in California.

3   10.  Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of
4 the events, omissions, and harm giving rise to Plaintiff's claims occurred within the
5 District.

### INTRADISTRICT ASSIGNMENT

7   11.  Pursuant to Local Civil Rule 3-2(c), this action should be assigned to the
8 San Jose Courthouse because a substantial part of the events or omissions that gave
9 rise to the claims occurred in Santa Clara County, California.

### PARTIES

11   12.  Plaintiff Art of Living Foundation is a California non-profit corporation based
12 in Goleta, California.

13   13.  Defendant Eng-An Chou is an individual who, on information and belief,
14 resides in Argentina.

### FACTUAL ALLEGATIONS

16   14.  Plaintiff is a non-denominational, non-profit educational and humanitarian
17 organization dedicated to the principles and teachings of Sri Sri Ravi Shankar.

18   15.  As part of its humanitarian efforts, Plaintiff provides instruction in its core
19 disciplines including breathing, meditation, and yoga. Plaintiff also offers courses and
20 seminars on issues ranging from world peace to emotional self-control. Plaintiff's self-
21 development programs instruct students on methods to eliminate stress and to foster a
22 sense of well-being.

23   16.  At the core of Plaintiff's teachings is Sudarshan Kriya, which is a rhythmic
24 breathing exercise.

25   17.  The basics of Sudarshan Kriya are taught to students in Plaintiff's Art of
26 Living Course.

27 //
28 //

Case No.                                  2                                  COMPLAINT

18. In the Art of Living Course, Plaintiff also teaches other breathing techniques, meditation, low-impact yoga, and skills for dealing effectively with challenging emotions and situations.

19. Plaintiff also offers specialized courses that are designed for specific segments of students.

20. While the registration process varies, individuals who wish to take a course offered by Plaintiff must register and pay the course fee. The fee is typically $250 for the Art of Living Course, which teaches the basics of Sudarshan Kriya. The price for a repeater course is typically $50.

21. Plaintiff uses the money it raises through its course offerings to maintain its facilities, to train new teachers for its courses, and to provide humanitarian aid and community service.

**PLAINTIFF'S TRAINING OF ITS TEACHERS AND PLAINTIFF'S TRADE SECRETS**

22. An essential part of the success of Plaintiff's courses—including the Art of Living Course—is Plaintiff's training of its teachers.

23. Plaintiff's training of its teachers is essential for two reasons. First, Plaintiff's breathing techniques take into account various physical and psychological health considerations of the students, such as high blood pressure, depression, and anxiety. Plaintiff trains its teachers to tailor the instruction of its courses based on the students' conditions to ensure that the students' well-being is protected. If Plaintiff's teachers are not able to teach Plaintiff's techniques—and in particular Sudarshan Kriya—to students in an incremental and easily understandable manner, Plaintiff's students will not only fail to achieve the goals of the course, but they may not obtain the benefit intended.

24. Second, Plaintiff enjoys a financial benefit from offering its courses. In particular, Plaintiff enjoys a financial benefit from being one of the exclusive organizations in the United States that can teach its coursework—including Sudarshan Kriya—in a manner that is accessible to and safe for its students. This financial benefit

1  enables Plaintiff to maintain its facilities, to train new teachers for its courses, and to
2  provide humanitarian aid and community service.

3  25.  As a result of the importance of instructing Plaintiff's teachers, Plaintiff—in
4  consultation with Shankar—has developed detailed processes by which Plaintiff's
5  courses are to be taught.

6  26.  In particular, Plaintiff has developed a detailed, incremental, and safe
7  process by which Sudarshan Kriya should be taught to students of varying aptitudes and
8  achievements.

9  27.  These processes are contained in several written manuals developed by
10 Plaintiff in consultation with Shankar. These manuals include the Art of Living Part I
11 Course Manual and the Art of Living Course TTC One Manual (collectively, "Manuals").

12 28.  The teaching processes for Sudarshan Kriya have intentionally not been
13 memorialized in a written manual to be given to teachers. Plaintiff has avoided creating a
14 written manual specifically to prevent the unlawful distribution of its Sudarshan Kriya
15 teaching principles. Instead, the teaching processes for Sudarshan Kriya are taught to
16 Plaintiff's student-teachers through oral presentations, in which the student-teachers take
17 written notes. The written document from which the oral presentations are read to
18 student-teachers is called the Sudarshan Kriya Notes.

19 29.  Plaintiff keeps the Manuals and the Sudarshan Kriya Notes strictly
20 confidential.

21 30.  Before student-teachers begin their training programs with Plaintiff, they are
22 told that the information they will receive must be kept in strict confidence to ensure: a)
23 the well-being of their students, b) the preservation of the integrity of Plaintiff's teachings,
24 and c) the financial benefit to Plaintiff from Plaintiff's coursework.

25 31.  Student-teachers must agree not to disclose any of these materials or
26 information before they are permitted to take part in Plaintiff's teacher training programs.
27 //
28 //

32. Student-teachers must also agree not to disclose any notes they take during their training program before they can take part in Plaintiff's teacher training programs.

33. This agreement by Plaintiff's student-teachers is a necessary prerequisite to preserve the confidentiality of Plaintiff's Manuals and Sudarshan Kriya Notes.

34. Without this agreement, Plaintiff's Manuals and Sudarshan Kriya Notes could be made available to the public. Such a disclosure would not only result in a financial loss for Plaintiff, but would also result in the dilution and/or the tarnishing of Plaintiff's teachings. Moreover, the improper instruction of techniques like Sudarshan Kriya could result in students having difficulties if improper and/or untailored instructions are provided. Thus, Plaintiff has a significant interest in closely monitoring the instruction of its courses.

35. Thus, before taking the Art of Living Course, students must agree not to disclose any of the contents of the course outside the context of the course. Students must make this agreement in writing and orally.

### Defendant Eng-An Chou's Misconduct

36. Defendant Eng-An Chou is a former teacher of Plaintiff.

37. In or around August 1997, Chou enrolled in and attended phase one of Plaintiff's Teacher Training Course.

38. Before taking Plaintiff's Art of Living Course, Plaintiff's Advanced Course, and Plaintiff's Teacher Training Course, and on multiple occasions, Chou agreed orally and in writing to keep the knowledge and documents given to her by Plaintiff as strictly confidential. Chou also agreed not to use these documents for any purpose other than to teach Plaintiff's courses.

39. Pursuant to Plaintiff's confidentiality agreements with Chou, Plaintiff provided Chou with several texts, including the Art of Living Part I Course Manual.

//

//

Case No.                             5                                    COMPLAINT

40. Additionally, pursuant to Plaintiff's confidentiality agreements with Chou, Plaintiff recited the Sudarshan Kriya Notes to Chou for Chou to take notes as part of her teacher training.

41. After completing the Teacher Training Course, Chou became a paid teacher with Plaintiff.

42. Subsequently, as part of her duties with Plaintiff, and pursuant to Plaintiff's confidentiality agreements with Chou, Chou received a copy of the Sudarshan Kriya Notes to assist with teacher training.

43. Before obtaining a copy of the Sudarshan Kriya Notes, Chou agreed that she would keep the document strictly confidential and only use it to assist with Plaintiff's Teacher Training Course.

44. Plaintiff performed its obligations under these agreements, including by training Chou and providing Chou with the confidential course materials.

45. While acting in the role of a teacher, Chou's interactions with other teachers and students often produced conflict and frustration.

46. As a result of this conduct, Chou was asked to change her interpersonal style and to make efforts to avoid conflict.

47. Chou became upset with these suggestions, and on or around June 2008, on her own accord, Chou left Plaintiff's organization and ceased working as a teacher for Plaintiff.

48. After Chou left Plaintiff's organization, she demanded money from the Art of Living organization. Plaintiff refused to pay Chou's demands.

49. On information and belief, in June 2010, after Plaintiff refused to pay Chou's demands, Chou disclosed her copy of the Sudarshan Kriya Notes to a third party. On information and belief, Chou made this disclosure to punish Plaintiff for not complying with Chou's financial demands.

//

//

50. On information and belief, when Chou disclosed her copy of the Sudarshan Kriya Notes, she understood that the text might be further disseminated by the recipient, potentially to many other people.

51. On information and belief, at the time Chou disclosed the Sudarshan Kriya Notes, Chou knew she was violating her contracts with Plaintiff.

52. On information and belief, as a result of Chou's disclosure, the Sudarshan Kriya Notes were disclosed to thousands of people not authorized by Plaintiff to view the text.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

53. Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1-52 above.

54. Before Chou attended Plaintiff's Teacher Training Course and Teacher Trainer Course, she agreed in writing and orally not to disclose Plaintiff's texts and only to use Plaintiff's texts to teach Plaintiff's courses. These contracts applied to the Sudarshan Kriya Notes.

55. The importance and scope of these contracts were emphasized by Plaintiff to Chou on multiple occasions throughout Chou's involvement with Plaintiff's organization.

56. These contracts were unambiguous and supported by valid consideration, and Chou understood her confidentiality obligations under the contracts.

57. At all times, Plaintiff performed its obligations under these contracts.

58. On information and belief, in breach of these contracts, Chou disclosed the Sudarshan Kriya Notes to at least one third party.

59. As a result of Chou's breaches, Plaintiff has been damaged and Plaintiff did not receive the benefit of the bargain reflected in its contracts with Chou.

//

//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That the Court enter a judgment finding that Defendant Chou breached her contracts with Plaintiff;

2. That the Court award damages and monetary relief to Plaintiff as follows:

    a. Compensatory damages for Chou's breach of contract under Civil Code section 3300;

    b. Plaintiff's costs;

3. Such other relief that the Court determines is just and proper.

Respectfully Submitted,

DATED: May 29, 2012

KRONENBERGER ROSENFELD, LLP

By: _____
Jeffrey M. Rosenfeld

Attorneys for Plaintiff
Art of Living Foundation

## REQUEST FOR JURY TRIAL

Plaintiff hereby demands a trial of this action by jury.

DATED: May 29, 2012                          KRONENBERGER ROSENFELD, LLP

By: _____
    Jeffrey M. Rosenfeld

Attorneys for Plaintiff
Art of Living Foundation